M'Alister sued Brownlow; Love, the sheriff, arrested him; after judgment M'Alister took a sci. fa., and he pleaded: First, that he committed Brownlow to prison, who escaped without his consent, privity, or neglect. Secondly, committed and broke prison, without the consent, privity, *Page 66 
knowledge, or neglect, c. Thirdly, the same in substance. Fourthly, committed, and that he was furnished by the plaintiff's agent with a bed, bedstead, bedclothes, and covering, by means whereof he escaped. To these pleas M'Alister demurred, and the Circuit Court sustained it.
The first question is as to the liability of the sheriff as bail. In M'Kee Co. v. Love, for the same escape, this court some time ago decided that the sheriff in this State is liable as bail in all cases where the defendant in the action is not forthcoming, and that he is not in any case liable to an action for an escape on mesne process. Why does our Act of Assembly declare that he shall be liable as bail, when no bail is taken or insufficient bail, or where no assignment is made of the bail bond? It is to the end that he may be subjected to the same proceedings and restricted to the same pleas as bail, and be entitled to no others. What these were was well defined in the law before. The bail could plead the death of the principal, surrender in due time or payment of the money. The recognizance of bail, which was of record, gave him these alternatives. Beyond these the record did not allow of any, and the recognizance to which our bail bond is equivalent, could not: be encountered by matters of defence, not allowed in the condition of the recognizance. In like manner by our law was the sheriff bound as bail? He was entitled to the same pleas. But the sheriff is in divers cases excusable by law, although the prisoner be not forthcoming. If by fire or a public enemy he be released, or if there be no jail, or an insufficient one from which any one may escape at pleasure, or if the prisoner be discharged by the plaintiff. — these by law, as well as reason, are good defences to an action for the escape on mesne process. If he must be proceeded against as bail, then there must be transferred to thesci. fa. all the additional defences which the sheriff could have to an action on the case for an *Page 67 
escape on mesne process, or otherwise there could be taken from the sheriff divers legal defences, which the law hath not either expressly or intentionally taken from him; and then the sci. fa. will be a substitute for the action for an escape, damages will be assessable at the discretion of the jury, judgment will be given upon the verdict, and execution issue upon that. Whereas the legal judgment upon the sci. fa.
is that the plaintiff have execution of the judgment upon which thesci. fa. is founded. 5 Com. Dig. Pleader 3, L.; Lut. 1282; 2 L. R. 1049; 2 Wilson, 98; 1 Com. Dig. Bail R. 10; 1 Salk. 208. But now the judgment must be that the plaintiff upon the sci. fa. recover the damages given by the jury. Upon an escape in mesne process, the jury may in discretion assess what damages they think proper. 2 Wilson, 295. The name and not the substance will be changed. Upon that, as well as upon the action, the jury must inquire into the amount of damages sustained by the escape on mesne process. That depends upon the solvency of the defendant, and the cause of action, against him, as well as the amount of it. Peake's Evidence, 397, 450. Evidence relative to all these matters, the jury must hoar on the sci. fa. In case of a voluntary escape after imprisonment, the sheriff must be allowed as bail to retake the prisoner, without being liable to an action for false imprisonment, and in this respect also the law will be changed. Although the plaintiff do not object, at the time appointed by our act, to the bail for insufficiency, yet the sheriff will be liable as bail himself, as the law declares him to be, if he do not take sufficient bail. 1794, c. 1, section 11; 1809 c. 6, section 1, April.
If for the sheriff's accommodation he be furnished with all these pleas to the sci. fa and with others which may be needful to excuse the non-production of the body, why not allow additional pleas to other bail? Shall the sheriff as bail be allowed pleas which others as bail are not entitled; to; cui bono is all this? for *Page 68 
what purpose is the alteration? I do not mean to depart from the points decided. These remarks are intended to show the bent of our inclination, as we approach the new and undecided question made by these pleadings. The prisoner was furnished by the plaintiff's agent with the means of effecting his escape. Who shall be bound to retake him? Who shall bear the loss occasioned by it? He that is not the cause thereof or he that is? The plaintiff might have discharged him; he may allow him any privileges he may think proper, the responsibility is his own; it is not incumbent on the sheriff, and as this would be a good defence in an action for the escape, so it must here.
Overrule the demurrer.